UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

--------------------------------X
MAVERICK RECORDING COMPANY, a
California joint venture; SONY                    <u>MEMORANDUM AND ORDER</u>
BMG MUSIC ENTERTAINMENT, a
Delaware general partnership;
ARISTA RECORDS LLC, a Delaware                    Civil Action No.
limited liability company; WARNER                 CV-05-4523 (DGT)
BROTHERS RECORDS INC., a Delaware
corporation,

        Plaintiffs,

    -against-

ANNA GOLDSHTEYN,

        Defendant.

--------------------------------X

Trager, J:

    Plaintiffs Maverick Recording Company, Sony BMG Music

Entertainment, Arista Records LLC and Warner Brothers Records

Inc. (collectively, the "plaintiffs") are recording companies

that own exclusive rights to sound recordings under United States

copyright law.  Plaintiffs allege that the defendant, Anna

Goldshteyn ("Goldshteyn"), has infringed these exclusive rights

by downloading and distributing certain sound recordings using an

online media distribution network, specifically over a peer to

peer network.  For their injuries, plaintiffs seek both monetary

and injunctive relief.  Goldshteyn moves to dismiss the complaint

pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure

on the grounds that plaintiffs have not pled the allegedly

violative acts with sufficient specificity to state a claim for
which relief may be granted.

## Background

Plaintiffs allege the following facts in their complaint,
which, for the purposes of this motion to dismiss, are taken as
true.  Plaintiffs are the copyright owners or licensees of
exclusive rights to certain copyrighted sound recordings (the
"copyrighted recordings"), each of which is the subject of a
valid Certificate of Copyright Registration.  (Compl. ¶ 10;
compl. ex. A.)  Among the rights granted to each plaintiff under
copyright law are the exclusive rights to reproduce the
copyrighted recordings and to distribute them to the public.
(Id. ¶ 11.)  Plaintiffs allege that although published copies of
these recordings were widely available for purchase, Goldshteyn
illegally reproduced and distributed them using the Internet.
(Id. ¶¶ 12, 13.)  The relevant portion of the complaint states:

> Plaintiffs are informed and believe that Defendant,
> without the permission or consent of Plaintiffs, has
> used, and continues to use, an online media
> distribution system to download the Copyrighted
> Recordings, to distribute the Copyrighted Recordings to
> the public, and/or to make the Copyrighted Recordings
> available for distribution to others.  In doing so,
> Defendant has violated Plaintiffs' exclusive rights of
> reproduction and distribution.

(Id. ¶ 12.)

Plaintiffs claim that Goldshsteyn's acts were willful and intentional (_id._ ¶ 14) and have caused injury that cannot be fully measured in monetary terms. (_Id._ ¶ 16.) They, therefore, seek, in addition to statutory damages, an injunction requiring Goldshteyn to destroy all copies of illegally reproduced recordings in her possession and enjoining her from further infringing their copyrights through use of the Internet. (_Id._)

## Discussion

### (1)

### Motion to Dismiss: Legal Standards

Goldshteyn moves to dismiss plaintiffs' complaint on the grounds that it fails to state a claim for which relief may be granted. (Def.'s Mem. of Law in Supp. of Mot. to Dismiss ("Def.'s Mem.") 1.) In considering a motion to dismiss for failure to state a claim, a court must accept all factual allegations in the complaint as true and draw all inferences in the plaintiff's favor. _Franklin Elec. Publ'rs, Inc. v. Unisonic Prods. Corp._, 763 F. Supp. 1, 3 (S.D.N.Y. 1991). On such motions the non-moving party will prevail "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." _Id._ (citing _Conley v. Gibson_, 335 U.S. 41, 45-46 (1957)).

## Sufficiency of the Complaint

Goldshteyn contends that the pleadings do not provide grounds for relief because they do not allege with sufficient specificity the acts constituting copyright infringement or the times during which those acts occurred. (Def.'s Mem. 2.) She also asserts that plaintiffs' allegations, pled on information and belief, fail to state a claim because they lack facts indicating the source of plaintiffs' belief. (<u>Id.</u>) On both points Goldshteyn's arguments are unavailing.

## a. Specificity of the Allegations

To withstand dismissal pursuant to 12(b)(6), a claim of copyright infringement must meet the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. <u>See</u> <u>Franklin</u>, 763 F. Supp. at 4 (rejecting 12(b)(6) motion to dismiss because the complaint met the requirements of Rule 8(a)(2)). Rule 8(a) requires that a complaint contain a "short and plain statement" that gives the defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests." <u>Conley</u>, 335 U.S. at 47. To meet the requirements of Rule 8, a complaint alleging copyright infringement must state: "[1] which specific original works are the subject of the copyright claim, [2] that plaintiff owns the copyrights in those works, [3] that the copyrights have

been registered in accordance with the statute, and [4] by what acts during what time the defendant infringed the copyright." Franklin, 763 F. Supp. at 4; Kelly v. L.L. Cool J., 145 F.R.D. 32, 35 (S.D.N.Y. 1992), aff'd, 23 F.3d 398 (2d Cir.), cert. denied, 513 U.S. 950 (1994). Plaintiffs have clearly alleged the first three elements. Goldshteyn only claims that they have not adequately alleged the fourth.

Rule 8(a) requires that plaintiffs set out the "particular infringing acts . . . with some specificity." Marvullo v. Gruner & Jahr, 105 F. Supp. 2d 225, 230 (S.D.N.Y. 2000) (quoting L.L. Cool J., 145 F.R.D. at 36 n.3) ("Broad, sweeping allegations of infringement do not comply with Rule 8.")). The Copyright Act enumerates the exclusive rights which owners of copyrighted materials possess, including the rights to reproduce and distribute the material. 17 U.S.C. § 106. A complaint that does not allege any acts infringing these enumerated rights does not state a claim for relief. See Brought to Life Music, Inc. v. MCA Records, Inc., No. 02-CV-1164, 2003 WL 296561, *1 (S.D.N.Y. Feb. 11, 2003) (dismissing complaint for failure to allege infringement of protected rights when complaint merely stated that defendant "provided a copy" of copyrighted sound recording to a musician who used it to prepare derivative works). In addition, a complaint must provide more than conclusory allegations of copyright infringement to withstand dismissal.

Marvullo, 105 F. Supp. 2d at 228 (holding allegation that
defendant published a copyrighted photograph "beyond the scope
. . . of the limited license," without providing additional
facts, merely stated "a legal conclusion insufficient to
withstand a motion to dismiss.").

Yet the specificity required of the complaint is not great.
A plaintiff need not provide a description of the individual
instances or exact times of infringement. Capitol Records, Inc.
v. Wings Digital Corp., 218 F. Supp. 2d 280, 284 (E.D.N.Y. 2002).
For instance, in Capitol Records the complaint alleging that
defendants "manufactured, reproduced, imported and distributed"
devices used to reproduce the plaintiff's copyrighted sound
recordings was held to successfully state a claim of copyright
infringement. Id. at 282, 284. Similarly, in U2 Home
Entertainment, Inc. v. Lai Ying Music & Video Trading, Inc., the
complaint alleging that defendants engaged in "importation or
duplication" of copyrighted motion pictures was held to state
"the basis for recovery with sufficient clarity . . . ." No. 04-
CV-1233, 2005 WL 1231645, *9 (S.D.N.Y. May 25, 2005) (denying
12(b)(6) motion to dismiss). A plaintiff need only describe how
the defendant violated the copyright to state a claim for
copyright infringement. See Home & Nature Inc. v. Sherman
Specialty Co., 322 F. Supp. 2d 260, 266 (E.D.N.Y. 2004) (denying
12(e) motion for more definite statement where complaint alleged

defendant manufactured and sold jewelry items to which plaintiff owned the copyrights).

In contending that plaintiffs have failed to describe any acts constituting copyright infringement, Goldshteyn seems to ignore the clear language of the complaint: "Defendant . . . has used, and continues to use, an online media distribution system to download the Copyrighted Recordings, to distribute the Copyrighted Recordings to the public, and/or to make the Copyrighted Recordings available for distribution to others." (Compl. ¶ 12.) Downloading and uploading copyrighted files from a peer-to-peer network constitutes, respectively, reproducing and distributing copyrighted material in violation of 17 U.S.C. § 106. A & M Records, Inc. v. Napster, Inc., 239 F.3d 1004, 1014 (9th Cir. 2001).

Although Goldshteyn argues that purely making copyrighted recordings available to others does not constitute copyright infringement, several courts addressing identical arguments have suggested, without deciding, that making works available to others in an online file may in and of itself amount to infringement. Warner Bros. Records, Inc. v. Payne, No. W-06-CV-051, slip op. at 8 (W.D. Tex. Jul. 17, 2006); Interscope Records v. Duty, No. 05-CV-3744, 2006 WL 988086, *2 n.2 (D. Ariz. Apr. 14, 2006). However, the "making available" argument need not be decided here. By alleging reproduction and distribution of

7

copyrighted files using the Internet, plaintiffs have alleged
acts of copyright infringement and described the means by which
Goldshteyn performed these acts.  The complaint's failure to
describe specific individual instances of infringement is not
fatal to plaintiffs' claim; such details are rightly the province
of the discovery phase and summary judgment.  Elektra Entm't
Group, Inc. v. Santangelo, No. 05 Civ. 2414, 2005 WL 3199841 at
*3 (S.D.N.Y. November 28, 2005); Capitol Records, 218 F. Supp. 2d
at 284.  Indeed it would be difficult, as a practical matter, for
plaintiffs to allege the exact times at which Goldshteyn
downloaded particular recordings.  Under this standard,
plaintiffs have pled acts of copyright infringement with
sufficient specificity to withstand Goldshteyn's motion to
dismiss.

     Goldshteyn also asserts that the complaint does not allege
the time of the infringing acts.  See Franklin, 763 F. Supp. at 4
("[P]laintiff [must] state . . . by what acts during what time
the defendant infringed the copyright.").  This argument fails
because plaintiffs here have alleged a continuing violation,
which fulfills the pleading requirements for a copyright claim.
Id. ("[W]hile plaintiff has not alleged the date defendants
allegedly commenced their infringing activities, plaintiff has
alleged that defendant continues to infringe."); see also Home &
Nature, 322 F. Supp. 2d at 266 (holding that the defendant was

sufficiently put on notice of a claim by complaint's allegation
that defendant had been infringing plaintiff's copyright since
December 2000 and "continues to infringe . . . ."). Having
described with sufficient specificity the acts of infringement
and the time frame in which those acts took place, the complaint
states a valid copyright infringement claim. See Elektra Entm't
Group, Inc., 2005 WL 3199841 at *3 (refusing to accept, in a very
similar case to the one at bar, the argument that plaintiffs
needed to allege more than that defendant continues to infringe
their copyrights).

**b. Pleading on Information and Belief**

Goldshteyn also argues that the complaint fails to state a
claim of copyright infringement because its factual allegations
were pled on information and belief. She contends that
allegations pled on information and belief must be accompanied by
facts indicating the source of plaintiffs' belief for claims
where "particularization in pleading" is required. (Def.'s
Mem. 2.)

Goldshteyn is correct in arguing that a plaintiff must
indicate the grounds for allegations made on information and
belief for claims subject to a heightened pleading standard. See
Trans World Corp. v. Odyssey Partners, 561 F. Supp. 1315, 1323
(S.D.N.Y. 1983) (dismissing a securities fraud claim pled on

information and belief pursuant to Rule 9(b) and stating that, in amended complaint, plaintiff must indicate the source of information and reasons for belief). Where she errs, however, is in contending that copyright claims are governed by such a standard. Although a plaintiff must describe the acts constituting copyright infringement with "some specificity," copyright claims are not subject to "particularity in pleading" as such. <u>Salerno v. City Univ. of N.Y</u>., 191 F. Supp. 2d 352, 356 (S.D.N.Y. 2001) ("[Plaintiffs] argue without benefit of authority that there is a heightened pleading requirement for violations of copyright law. However, there is no such heightened requirement for copyright claims."). Rather, Rule 8's lenient standards for notice pleading apply. <u>See</u> <u>L.L. Cool J.</u>, 145 F.R.D. at 36 ("Rule 8 requires that the particular infringing acts be set out with some specificity.") (citing <u>Franklin</u>, 263 F. Supp. at 4). The Supreme Court has strongly suggested that actions not expressly subject to greater particularity in pleading under Rule 9(b) are subject instead to the lenient requirements of Rule 8. <u>See</u> <u>Leatherman v. Tarrant County Narcotics Intell. and Coord. Unit</u>, 507 U.S. 163, 168 (1993) ("[T]he Federal Rules do address in Rule 9(b) the question of the need for greater particularity in pleading certain actions, but do not include among the enumerated actions any reference to complaints alleging municipal liability under § 1983. <u>Expressio</u> <u>unius</u> <u>est</u> <u>exclusio</u> <u>alterius</u>."); <u>Mid</u>

10

America Title Co. v. Kirk, 991 F.2d 417, 422-23 (7th Cir. 1993)
(citing Leatherman in holding that a particularity requirement
akin to that of Rule 9(b) does not apply to copyright claims).
Rule 9(b) does expressly require greater particularity for
allegations of fraud and mistake, but it makes no mention of
copyright claims.  Copyright claims are subject not to
"particularity in pleading" but to the more lenient notice
pleading requirements of Rule 8.  U2 Home Entm't, 2005 WL 1231645
at *8. (citing Mid America, 991 F.2d at 421).

Since Rule 8 standards apply to the instant claims,
plaintiffs may plead on information and belief without alleging
additional facts to show the source of their information.  See 5
Charles Alan Wright & Arthur R. Miller, Federal Practice and
Procedure § 1224 (3d ed. 2004) ("Such supporting allegations seem
to be unnecessary and inconsistent with the philosophy of the
federal pleading rules, except where the stricter pleading
requirements of Rule 9 . . . are involved . . . .").  Goldshteyn
thus errs in contending that plaintiffs' allegations, pled on
information and belief, fail to state a claim of copyright
infringement.  Accordingly, her motion to dismiss is denied.

**Conclusion**

Plaintiffs have pled a claim of copyright infringement which meets the standards established by Rule 8.  The complaint sets forth the acts allegedly constituting copyright infringement with sufficient specificity to put Goldshteyn on notice of the grounds for their claim.  The allegations, pled on information and belief, are also sufficient to state a claim of copyright infringement without supplemental facts indicating the source of plaintiffs' belief.  For these reasons, plaintiffs have stated a claim for which relief may be granted, and Goldshteyn's motion to dismiss is denied.


Dated:  Brooklyn, New York
        July 31, 2006


                         SO ORDERED:


                         _____/s/_____
                         David G. Trager
                         United States District Judge

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

--------------------------------X

MAVERICK RECORDING COMPANY, a
California joint venture; SONY
BMG MUSIC ENTERTAINMENT, a                    MEMORANDUM AND ORDER
Delaware general partnership;
ARISTA RECORDS LLC, a Delaware               Civil Action No.
limited liability company; WARNER            CV-05-4523 (DGT)
BROTHERS RECORDS INC., a Delaware
corporation,

        Plaintiffs,

    -against-

ANNA GOLDSHTEYN,

        Defendant.

--------------------------------X

Trager, J:

        Plaintiffs Maverick Recording Company, Sony BMG Music

Entertainment, Arista Records LLC and Warner Brothers Records

Inc. (collectively, the "plaintiffs") are recording companies

that own exclusive rights to sound recordings under United States

copyright law.  Plaintiffs allege that the defendant, Anna

Goldshteyn ("Goldshteyn"), has infringed these exclusive rights

by downloading and distributing certain sound recordings using an

online media distribution network, specifically over a peer to

peer network.  For their injuries, plaintiffs seek both monetary

and injunctive relief.  Goldshteyn moves to dismiss the complaint

pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure

on the grounds that plaintiffs have not pled the allegedly

violative acts with sufficient specificity to state a claim for
which relief may be granted.

**Background**

Plaintiffs allege the following facts in their complaint,
which, for the purposes of this motion to dismiss, are taken as
true.  Plaintiffs are the copyright owners or licensees of
exclusive rights to certain copyrighted sound recordings (the
"copyrighted recordings"), each of which is the subject of a
valid Certificate of Copyright Registration.  (Compl. ¶ 10;
compl. ex. A.)  Among the rights granted to each plaintiff under
copyright law are the exclusive rights to reproduce the
copyrighted recordings and to distribute them to the public.
(<u>Id.</u> ¶ 11.)  Plaintiffs allege that although published copies of
these recordings were widely available for purchase, Goldshteyn
illegally reproduced and distributed them using the Internet.
(<u>Id.</u> ¶¶ 12, 13.)  The relevant portion of the complaint states:

> Plaintiffs are informed and believe that Defendant,
> without the permission or consent of Plaintiffs, has
> used, and continues to use, an online media
> distribution system to download the Copyrighted
> Recordings, to distribute the Copyrighted Recordings to
> the public, and/or to make the Copyrighted Recordings
> available for distribution to others.  In doing so,
> Defendant has violated Plaintiffs' exclusive rights of
> reproduction and distribution.

(<u>Id.</u> ¶ 12.)

Plaintiffs claim that Goldshsteyn's acts were willful and intentional (id. ¶ 14) and have caused injury that cannot be fully measured in monetary terms. (Id. ¶ 16.) They, therefore, seek, in addition to statutory damages, an injunction requiring Goldshteyn to destroy all copies of illegally reproduced recordings in her possession and enjoining her from further infringing their copyrights through use of the Internet. (Id.)

## Discussion

### (1)

### Motion to Dismiss: Legal Standards

Goldshteyn moves to dismiss plaintiffs' complaint on the grounds that it fails to state a claim for which relief may be granted. (Def.'s Mem. of Law in Supp. of Mot. to Dismiss ("Def.'s Mem.") 1.) In considering a motion to dismiss for failure to state a claim, a court must accept all factual allegations in the complaint as true and draw all inferences in the plaintiff's favor. Franklin Elec. Publ'rs, Inc. v. Unisonic Prods. Corp., 763 F. Supp. 1, 3 (S.D.N.Y. 1991). On such motions the non-moving party will prevail "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id. (citing Conley v. Gibson, 335 U.S. 41, 45-46 (1957)).

3

### Sufficiency of the Complaint

Goldshteyn contends that the pleadings do not provide grounds for relief because they do not allege with sufficient specificity the acts constituting copyright infringement or the times during which those acts occurred. (Def.'s Mem. 2.) She also asserts that plaintiffs' allegations, pled on information and belief, fail to state a claim because they lack facts indicating the source of plaintiffs' belief. (Id.) On both points Goldshteyn's arguments are unavailing.

### a. Specificity of the Allegations

To withstand dismissal pursuant to 12(b)(6), a claim of copyright infringement must meet the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. See Franklin, 763 F. Supp. at 4 (rejecting 12(b)(6) motion to dismiss because the complaint met the requirements of Rule 8(a)(2)). Rule 8(a) requires that a complaint contain a "short and plain statement" that gives the defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley, 335 U.S. at 47. To meet the requirements of Rule 8, a complaint alleging copyright infringement must state: "[1] which specific original works are the subject of the copyright claim, [2] that plaintiff owns the copyrights in those works, [3] that the copyrights have

been registered in accordance with the statute, and [4] by what acts during what time the defendant infringed the copyright." Franklin, 763 F. Supp. at 4; Kelly v. L.L. Cool J., 145 F.R.D. 32, 35 (S.D.N.Y. 1992), aff'd, 23 F.3d 398 (2d Cir.), cert. denied, 513 U.S. 950 (1994). Plaintiffs have clearly alleged the first three elements. Goldshteyn only claims that they have not adequately alleged the fourth.

Rule 8(a) requires that plaintiffs set out the "particular infringing acts . . . with some specificity." Marvullo v. Gruner & Jahr, 105 F. Supp. 2d 225, 230 (S.D.N.Y. 2000) (quoting L.L. Cool J., 145 F.R.D. at 36 n.3) ("Broad, sweeping allegations of infringement do not comply with Rule 8.")). The Copyright Act enumerates the exclusive rights which owners of copyrighted materials possess, including the rights to reproduce and distribute the material. 17 U.S.C. § 106. A complaint that does not allege any acts infringing these enumerated rights does not state a claim for relief. See Brought to Life Music, Inc. v. MCA Records, Inc., No. 02-CV-1164, 2003 WL 296561, *1 (S.D.N.Y. Feb. 11, 2003) (dismissing complaint for failure to allege infringement of protected rights when complaint merely stated that defendant "provided a copy" of copyrighted sound recording to a musician who used it to prepare derivative works). In addition, a complaint must provide more than conclusory allegations of copyright infringement to withstand dismissal.

<u>Marvullo</u>, 105 F. Supp. 2d at 228 (holding allegation that defendant published a copyrighted photograph "beyond the scope . . . of the limited license," without providing additional facts, merely stated "a legal conclusion insufficient to withstand a motion to dismiss.").

Yet the specificity required of the complaint is not great. A plaintiff need not provide a description of the individual instances or exact times of infringement. <u>Capitol Records, Inc. v. Wings Digital Corp.</u>, 218 F. Supp. 2d 280, 284 (E.D.N.Y. 2002). For instance, in <u>Capitol Records</u> the complaint alleging that defendants "manufactured, reproduced, imported and distributed" devices used to reproduce the plaintiff's copyrighted sound recordings was held to successfully state a claim of copyright infringement. <u>Id.</u> at 282, 284. Similarly, in <u>U2 Home Entertainment, Inc. v. Lai Ying Music & Video Trading, Inc.</u>, the complaint alleging that defendants engaged in "importation or duplication" of copyrighted motion pictures was held to state "the basis for recovery with sufficient clarity . . . ." No. 04-CV-1233, 2005 WL 1231645, *9 (S.D.N.Y. May 25, 2005) (denying 12(b)(6) motion to dismiss). A plaintiff need only describe how the defendant violated the copyright to state a claim for copyright infringement. <u>See</u> <u>Home & Nature Inc. v. Sherman Specialty Co.</u>, 322 F. Supp. 2d 260, 266 (E.D.N.Y. 2004) (denying 12(e) motion for more definite statement where complaint alleged

defendant manufactured and sold jewelry items to which plaintiff owned the copyrights).

In contending that plaintiffs have failed to describe any acts constituting copyright infringement, Goldshteyn seems to ignore the clear language of the complaint: "Defendant . . . has used, and continues to use, an online media distribution system to download the Copyrighted Recordings, to distribute the Copyrighted Recordings to the public, and/or to make the Copyrighted Recordings available for distribution to others." (Compl. ¶ 12.) Downloading and uploading copyrighted files from a peer-to-peer network constitutes, respectively, reproducing and distributing copyrighted material in violation of 17 U.S.C. § 106. A & M Records, Inc. v. Napster, Inc., 239 F.3d 1004, 1014 (9th Cir. 2001).

Although Goldshteyn argues that purely making copyrighted recordings available to others does not constitute copyright infringement, several courts addressing identical arguments have suggested, without deciding, that making works available to others in an online file may in and of itself amount to infringement. Warner Bros. Records, Inc. v. Payne, No. W-06-CV-051, slip op. at 8 (W.D. Tex. Jul. 17, 2006); Interscope Records v. Duty, No. 05-CV-3744, 2006 WL 988086, *2 n.2 (D. Ariz. Apr. 14, 2006). However, the "making available" argument need not be decided here. By alleging reproduction and distribution of

copyrighted files using the Internet, plaintiffs have alleged
acts of copyright infringement and described the means by which
Goldshteyn performed these acts.  The complaint's failure to
describe specific individual instances of infringement is not
fatal to plaintiffs' claim; such details are rightly the province
of the discovery phase and summary judgment.  <u>Elektra Entm't</u>
<u>Group, Inc. v. Santangelo</u>, No. 05 Civ. 2414, 2005 WL 3199841 at
*3 (S.D.N.Y. November 28, 2005); <u>Capitol Records</u>, 218 F. Supp. 2d
at 284.  Indeed it would be difficult, as a practical matter, for
plaintiffs to allege the exact times at which Goldshteyn
downloaded particular recordings.  Under this standard,
plaintiffs have pled acts of copyright infringement with
sufficient specificity to withstand Goldshteyn's motion to
dismiss.

Goldshteyn also asserts that the complaint does not allege
the time of the infringing acts.  <u>See</u> <u>Franklin</u>, 763 F. Supp. at 4
("[P]laintiff [must] state . . . by what acts during what time
the defendant infringed the copyright.").  This argument fails
because plaintiffs here have alleged a continuing violation,
which fulfills the pleading requirements for a copyright claim.
<u>Id.</u> ("[W]hile plaintiff has not alleged the date defendants
allegedly commenced their infringing activities, plaintiff has
alleged that defendant continues to infringe."); <u>see also</u> <u>Home &</u>
<u>Nature</u>, 322 F. Supp. 2d at 266 (holding that the defendant was

sufficiently put on notice of a claim by complaint's allegation that defendant had been infringing plaintiff's copyright since December 2000 and "continues to infringe . . . ."). Having described with sufficient specificity the acts of infringement and the time frame in which those acts took place, the complaint states a valid copyright infringement claim. See Elektra Entm't Group, Inc., 2005 WL 3199841 at *3 (refusing to accept, in a very similar case to the one at bar, the argument that plaintiffs needed to allege more than that defendant continues to infringe their copyrights).

## b. Pleading on Information and Belief

Goldshteyn also argues that the complaint fails to state a claim of copyright infringement because its factual allegations were pled on information and belief. She contends that allegations pled on information and belief must be accompanied by facts indicating the source of plaintiffs' belief for claims where "particularization in pleading" is required. (Def.'s Mem. 2.)

Goldshteyn is correct in arguing that a plaintiff must indicate the grounds for allegations made on information and belief for claims subject to a heightened pleading standard. See Trans World Corp. v. Odyssey Partners, 561 F. Supp. 1315, 1323 (S.D.N.Y. 1983) (dismissing a securities fraud claim pled on

information and belief pursuant to Rule 9(b) and stating that, in
amended complaint, plaintiff must indicate the source of
information and reasons for belief).  Where she errs, however, is
in contending that copyright claims are governed by such a
standard.  Although a plaintiff must describe the acts
constituting copyright infringement with "some specificity,"
copyright claims are not subject to "particularity in pleading"
as such.  <u>Salerno v. City Univ. of N.Y</u>., 191 F. Supp. 2d 352, 356
(S.D.N.Y. 2001) ("[Plaintiffs] argue without benefit of authority
that there is a heightened pleading requirement for violations of
copyright law.  However, there is no such heightened requirement
for copyright claims.").  Rather, Rule 8's lenient standards for
notice pleading apply.  <u>See</u> <u>L.L. Cool J.</u>, 145 F.R.D. at 36 ("Rule
8 requires that the particular infringing acts be set out with
some specificity.") (citing <u>Franklin</u>, 263 F. Supp. at 4).  The
Supreme Court has strongly suggested that actions not expressly
subject to greater particularity in pleading under Rule 9(b) are
subject instead to the lenient requirements of Rule 8.  <u>See</u>
<u>Leatherman v. Tarrant County Narcotics Intell. and Coord. Unit</u>,
507 U.S. 163, 168 (1993) ("[T]he Federal Rules do address in Rule
9(b) the question of the need for greater particularity in
pleading certain actions, but do not include among the enumerated
actions any reference to complaints alleging municipal liability
under § 1983.  <u>Expressio</u> <u>unius</u> <u>est</u> <u>exclusio</u> <u>alterius</u>."); <u>Mid</u>

America Title Co. v. Kirk, 991 F.2d 417, 422-23 (7th Cir. 1993) (citing Leatherman in holding that a particularity requirement akin to that of Rule 9(b) does not apply to copyright claims). Rule 9(b) does expressly require greater particularity for allegations of fraud and mistake, but it makes no mention of copyright claims.  Copyright claims are subject not to "particularity in pleading" but to the more lenient notice pleading requirements of Rule 8.  U2 Home Entm't, 2005 WL 1231645 at *8. (citing Mid America, 991 F.2d at 421).

Since Rule 8 standards apply to the instant claims, plaintiffs may plead on information and belief without alleging additional facts to show the source of their information.  See 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1224 (3d ed. 2004) ("Such supporting allegations seem to be unnecessary and inconsistent with the philosophy of the federal pleading rules, except where the stricter pleading requirements of Rule 9 . . . are involved . . . .").  Goldshteyn thus errs in contending that plaintiffs' allegations, pled on information and belief, fail to state a claim of copyright infringement.  Accordingly, her motion to dismiss is denied.

**Conclusion**

Plaintiffs have pled a claim of copyright infringement which meets the standards established by Rule 8. The complaint sets forth the acts allegedly constituting copyright infringement with sufficient specificity to put Goldshteyn on notice of the grounds for their claim. The allegations, pled on information and belief, are also sufficient to state a claim of copyright infringement without supplemental facts indicating the source of plaintiffs' belief. For these reasons, plaintiffs have stated a claim for which relief may be granted, and Goldshteyn's motion to dismiss is denied.

Dated: Brooklyn, New York
　　　 July 31, 2006

                              SO ORDERED:


                              _____/s/_____
                              David G. Trager
                              United States District Judge